**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KULDEEP SINGH, | Case No. 1:26-cv-02303-JLT-SKO |
| Petitioner, | ORDER DENYING PETITIONER'S MOTION TO ENFORCE |
| v. | |
| WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., | (Doc. 9) |
| Respondents. | |

## I.     INTRODUCTION

Before this Court is a motion by Kuldeep Singh to enforce this Court's April 8, 2026, order requiring Respondents to provide Petitioner with a substantive bond hearing before an immigration judge. (Doc. 9.) Respondents filed an opposition to the motion. (Doc. 12.) For the reasons set forth below, the Court **DENIES** the motion.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

This Court has summarized the factual and procedural history behind this action in a previous order and incorporates that by reference here. (*See* Doc. 8.) On April 8, 2026, this Court granted the petition for writ of habeas corpus, holding that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. (Doc. 7 at 3.) The Court further ordered Respondents to provide Petitioner with a constitutionally compliant bond

hearing before at which Respondents bear the burden of proof by clear and convincing evidence to demonstrate that Petitioner presents a flight risk or danger to the community.[1] (*Id.*)

Counsel for Respondents received notice of this Court's order on April 8, 2026 at approximately 9:12 a.m. (Doc. 13-2.) That same day, counsel for Respondents instructed the Executive Office for Immigration Review ("EOIR") of this Court's order and that, pursuant to that order, a bond hearing most be held by April 21, 2026. (Doc. 13-3.) On April 17, 2026, a bond hearing was held following a custody redetermination request by Petitioner pursuant to 8 C.F.R. § 1236, and Petitioner was denied bond on jurisdictional grounds in accordance with *Matter of Yauri Hurtado*, 29 I&N Dec. 216 (BIA 2025). (Doc. 9 at 3; Doc. 9-1 at 1-3).[2]

On April 21, 2026, a bond hearing was held before Immigration Judge Katie G. Mullins of the Adelanto Immigration Court pursuant to this Court's April 8, 2026 habeas corpus order. (Doc. 12 at 2; *see also* Digital Audio Recording I ("DAR I").) Counsel for Petitioner appeared at the hearing, but Petitioner was not present because he was in a medical quarantine. (DAR I at 00:50

---

[1] The relevant part of this Court's April 8, 2026, order reads as follows:

> Within 14 days of the date of service of this order, unless Petitioner consents to a later date, Respondent SHALL provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id*. at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner.

(Doc. 7 at 3.)

[2] According to 8 C.F.R. § 1003.19(b), an "[a]pplication for an initial bond redetermination [pursuant to 8 C.F.R. § 1236] by a respondent, or his or her attorney or representative, may be made orally, in writing, or at the discretion of the Immigration Judge, by telephone." Here, there is no evidence that such a hearing was conducted at the discretion of an immigration judge. Furthermore, the first line of the Order of the Immigration Judge states "[t]he respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236." (Doc. 9-1 at 2.) The record is unclear as to which of Petitioner's attorney's requested the April 17, 2026, bond redetermination hearing. The Order of the Immigration Judge is addressed to attorney Nareshwar Singh Virdi of Sacramento, California. (*Id*.) The notice of the April 27, 2026, bond order, however, was addressed to attorney Kamal D. Mann, the undersigned attorney in this case. (Doc. 9-1 at 1.) Nevertheless, the only fact that is pertinent to this Court's decision is that the April 17, 2026, bond hearing was conducted at the request of Petitioner's counsel, and not as a direct result of this Court's April 8, 2026, order directing Respondents to provide Petitioner with a substantive bond hearing.

– 00:53.) Given Petitioner's medical quarantine, IJ Mullins provided Petitioner's counsel present at the hearing, Nareshwar Singh Virdi,[3] the option of withdrawing the bond request with prejudice and re-filing at a later date. (*Id*. at 00:55 – 01:29.) Mr. Virdi indicated during the hearing that his staff made an error on his EOIR Form-28 designation, and that he did not represent Petitioner for custody matters. (*Id*. at 01:30 – 01:50.) Mr. Virdi made an oral motion to withdraw his representation without prejudice. which was granted by the IJ. (*Id*. at 02:00 – 02:09.) The bond hearing was initially rescheduled for April 29, 2026 (Doc. 9-1 at 4), but it had to be rescheduled again because the assigned IJ had a medical event. (*See* Doc. 13-1, Declaration of EOIR Paralegal Jessica Harrold; Doc. 9-1 at 5.)

On May 6, 2026, Petitioner was provided with a bond hearing before Immigration Judge Rae Halperin who determined that the Government had met its burden to prove that Petitioner's continued detention was justified based on flight risk. (*See* Digital Audio Recording II ("DAR II").) Both Petitioner and his attorney Kamal D. Mann were present at the bond hearing. (*Id*.) Petitioner submitted the following into evidence to be considered at the bond hearing: (1) a bond questionnaire, (2) evidence of a secondary sponsor, including identity documents and letter, (3) a religious letter of support, and (4) Petitioner's drivers license. (*See* DAR II.) During the bond hearing, the IJ questioned Petitioner regarding his employment, his Alternatives to Detention (ATD) violations, his place of residence, and whether he had filed taxes in the United States. (*Id*.)

In support of his release on bond, Petitioner's counsel highlighted: (1) the technical difficulties Petitioner experienced with the ATD reporting applications, (2) Petitioner's multiple sponsors, including the fact that his primary sponsor is his cousin, (3) his lack of criminal record, and (4) history of reporting to all ICE check-ins and court dates. (*Id*. at 15:49 – 17:04.) In rebuttal, Respondents argued that Petitioner posed a flight risk given his lack of family ties in the United States and his history of ATD violations. (*Id*. at 15:41 – 15:44.) The IJ ultimately determined Petitioner to be a flight risk based on his lack of immediate family ties in the country, his ATD violations (which the IJ noted were "given to [him] as a courtesy when [he] first came

---

[3] Petitioner's counsel at the April 21, 2026, hearing was not Mr. Kamal D. Mann, who represents Petitioner in the present habeas case, represented Petitioner at a later May 6, 2026, bond hearing, an ultimately filed the instant motion to enforce.

illegally into the United States"), the fact that he lives in Sacramento, California, yet his sponsor lives in Kentucky, his recent entry into the United States, and the speculative nature of his asylum relief. (*Id*. at 17:10 – 18:17.)

On May 6, 2026, Petitioner filed a motion to enforce, arguing that his continued detention without an adequate bond hearing violates this Court's prior habeas corpus order and, necessarily, his Fifth Amendment due process rights. (*See generally,* Doc. 9.) Specifically, Petitioner contends that Respondents failed to provide Petitioner a bond hearing within the fourteen-day deadline imposed by this Court's prior habeas order and that, although a bond hearing was ultimately held, "the proceeding itself failed to provide the full and fair hearing required by due process and by this Court's prior order. (*Id*. at 2.) Petitioner seeks an order granting his immediate release or an order directing Respondents to provide Petitioner with a new custody hearing. (*Id*. at 6.) Having carefully considered and reviewed Petitioner's submissions and the digital audio recordings of the April 21 and May 7, 2026, bond hearings, the Court finds that that Petitioner has not demonstrated that the IJ failed to comply with its prior habeas order or otherwise abused her discretion.

### III.    LEGAL STANDARD

This Court has clear authority to ensure that the Government acts in accordance with its order granting relief in a habeas action. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). Habeas courts may also review questions of pure law *de novo*. *See Singh v. Holder*, 638 F.3d 1196, 1202-03 (9th Cir. 2011).

In constitutional challenges to an IJ's detention determination, a habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). "[A]buse of discretion" review does not involve "reweigh[ing] evidence" but rather determining whether the IJ "applied the correct legal standard." *Id*. (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence... review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient

evidence.'" *Quan v. Barr*, No. 20-cv-08118-LB, 2021 WL 308610 at \*4 (N.D. Cal. 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at \*8 (N.D. Cal. May 19, 2020) (internal citation and quotation omitted)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017). Courts may review an IJ's finding that an alien poses a flight risk for abuse of discretion. *See Zaitsev v. Warden*, No. 2:26-cv-00454-SPG-AS, 2026 WL 391429, at \*10 (C.D. Cal. Feb. 9, 2026) (collecting cases).

## IV.    ANALYSIS[4]

### A.    Timeliness of the Bond Hearing

As Petitioner notes, it is undisputed that the May 6, 2026, bond hearing occurred outside the fourteen-day window imposed by this Court. However, the record clearly shows that the delay in process was not a result of Respondents' deliberate flaunting of this Court's order, but the result of two unforeseen events, neither of which Petitioner references in his motion to enforce[5]: (1) the fact that Petitioner was in medical quarantine and therefore not present for the first bond hearing, and (2) the IJ assigned to the second bond hearing experienced a medical emergency. Furthermore, Petitioner fails to demonstrate any prejudice because of the delay of the bond hearing. *See Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) ("In order to prevail on a due process claim that he was denied a full and fair hearing, an alien must also show prejudice—that his rights were violated in a manner so as potentially to affect the outcome of the

---

[4] This Court has previously waived the prudential exhaustion requirement in procedurally similar cases. *See C.A.R.V. v. Wofford*, No. 1:25-CV-01395-JLT-SKO, 2026 WL 241823 at \*5, n.7 (E.D. Cal. Jan. 29, 2026) (finding that petitioner satisfied irreparable injury *Laing* factor by "demonstrating the irreparable harm that would result from wrongful detention, which may result given the lengthy time it takes to have an appeal decided."); *see also, Loba L.M. v. Andrews*, No. 1:25-CV-00611-JLT-SAB, 2026 WL 710307 (E.D. Cal. Mar. 13, 2026) (holding that where a Petitioner seeks to enforce a prior habeas order in which an explicit finding of irreparable harm due to continued detention was made, such a previous finding satisfies the second *Laing* factor for the purposes of the prudential exhaustion requirement); *SEHAJVEER SINGH (A-No. 245-003-055), Petitioner, v. WARDEN OF GOLDEN STATE ANNEX FACILITY, et al., Respondents*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at \*3 (E.D. Cal. May 13, 2026) (same). The Court therefore adopts the reasoning of the above-mentioned cases and waives the prudential exhaustion requirement here on similar grounds.

[5] This is not the first instant where attorney Kamal D. Mann has made allegations in a motion to enforce that were "at best deeply uninformed, and at worst, purposefully misleading." *Singh v. Warden of Golden State Annex Facility*, No. 1:26-CV-00172-JLT-EPG, 2026 WL 1328508 at \*2 (E.D. Cal. May 13, 2026).

proceedings") (internal quotation marks and citation omitted). As such, the Court finds that the delay in the scheduling of the bond hearing does not constitute an abuse of discretion or a violation of this Court's prior order.

### B.    Consideration of Probative Evidence

Next, Petitioner argues that the IJ abused her discretion by ignoring or failing to meaningfully consider evidence in the record. (Doc. 9 at 7.) Specifically, Petitioner argues that the IJ overlooked evidence of Petitioner's meaningful community ties, including a sponsor package and multiple community support letters, including from religious leaders.[6] (*Id.*)

An IJ's failure to cite every piece of evidence in the record does not amount to clear error. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1096 (9th Cir. 2000); *See Cole v. Holder*, 659 F.3d 762, 772 (holding that only "potentially dispositive testimony and documentary evidence" must be specifically addressed). "When nothing in the record or the BIA's decision indicates a failure to consider all the evidence," a court will rely on the agency's statement that it considered all the evidence before it. *See Cole*, 659 F.3d at 771. But when there is an indication that something is amiss, like if the BIA "misstat[es] the record" or "fail[s] to mention highly probative or potentially dispositive evidence," courts do not credit its use of a "catchall phrase" to the contrary. *Id*. at 771-72.

Here, the IJ specifically considered most, if not all, of the evidence cited by Petitioner but ultimately concluded that Petitioner poses a significant flight risk. *See Perez v. Wolf*, 445 F. Supp. 3d 275, 291 (N.D. Cal. 2020) (finding that "inherent in the IJ's order is a conclusion that the Petitioner's evidence was not as convincing as the Government's evidence"). Furthermore, the IJ sufficiently explained the basis for her decision during the bond hearing. In immigration proceedings, "[d]ue process requires a minimum of clarity in dispositive reasoning[.]" *Su Hwa She v. Holder*, 629 F.3d 958, 963 (9th Cir. 2010), *superseded by statute on other grounds as stated in Ferrer-Rodriguez v. Blanche*, No. 25-1161, 2026 WL 1093348, at *2 n.3 (9th Cir. Apr. 22, 2026).

---

[6] These materials were not attached to Petitioner's motion to enforce and therefore the Court was unable to independently review them.

To the extent that Petitioner argues that the IJ placed too little weight on the evidence of Petitioner's sponsor and letters of support, the Court lacks the ability to "second-guess the immigration judge's weighing of the evidence." *Calmo v. Sessions*, 2018 WL 2938628, at *4 (holding that where the evidence is undisputed, "differences in interpretation of the facts" remain "well within the province of the immigration judge"). As such, Petitioner fails to demonstrate that "something is amiss" in the IJ's consideration of the evidence. *See Cole*, 659 F.3d at 771.

### C.    Burden of Proof and Sufficiency of Evidence

Lastly, the Court considers Petitioner's claims that the IJ abused her discretion by finding that Respondents' had met their burden of proof to prove by clear and convincing evidence that Petitioner was a flight risk. (Doc. 9 at 5.) As support, he cites the fact that Respondents relied primarily on Petitioner's ATD biometric violations to justify a flight risk determination, notwithstanding the fact that Petitioner "showed voluntary compliance" by reporting to ICE. (*Id*.) In making such an argument, Petitioner challenges the sufficiency of the evidence supporting the immigration judge's bond determination rather than the constitutionality of the process by which that determination was reached. That is not a question for this Court. Complaints about the IJ's weighing of specific pieces of evidence and the ultimate the conclusion the IJ reached must be presented through the normal immigration appeal process. Accordingly, the Court concludes the IJ did not abuse her discretion in finding Petitioner was a flight risk and in denying bond.

## V.    CONCLUSION AND ORDER

For the foregoing reasons, Petitioner's motion to enforce the Court's earlier order (Doc. 9.) is **DENIED**. The case remains **CLOSED**.

IT IS SO ORDERED.

Dated:    **June 18, 2026**

UNITED STATES DISTRICT JUDGE